E-FILED
Monday, 02 November, 2020  11:49:18 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JEAN E. THORNE, | CASE NO.: 3:20-cv-03294 |
| Plaintiff, | |
| | JUDGE: |
| -v- | |
| | |
| PRO COM SERVICES OF ILLINOIS, INC., | **COMPLAINT** |
| | JURY DEMAND ENDORSED HEREON |
| Defendant. | |

Plaintiff, Jean E. Thorne, for her Complaint against Pro Com Services of Illinois, Inc.
("Defendant"), states as follows:

NATURE OF THE ACTION

1.    Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices
Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), for Defendant's unlawful collection practices as
described in this Complaint, *infra*.

JURISDICTION AND VENUE

2.    This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction
is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the
action arises under the laws of the United States.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business
within the Central District of Illinois and the events and/or omissions giving rise to the claims
made in this Complaint occurred within the Central District of Illinois.

<u>PARTIES</u>

4.   Plaintiff, Jean E. Thorne ("Thorne"), is a natural adult person residing in Springfield, Illinois, which lies within the Central District of Illinois.

5.   Thorne is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6.   Defendant, Pro Com Services of Illinois, Inc., is an Illinois corporation in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States.   As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

7.   In its communications to consumers, Defendant identifies itself as a "debt collector."

8.   Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

<u>FACTS SUPPORTING CAUSES OF ACTION</u>

9.   As Thorne was checking her credit reports, she discovered an entry bearing Defendant's name reporting in an active collection status a consumer medical debt in the amount of $788 originally incurred to *America Ambulance Service Inc*. (the "Debt").   Relevant pages from Thorne's Experian credit report, dated January 27, 2020, are attached to this Complaint as Exhibit A.

10.   Thorne also noticed that Defendant had updated its reporting of the Debt to Experian as recently as January 6, 2020.  *See* Exhibit A.

11.   Thorne's Experian credit report also reflected that the Debt would remain on her credit record until June 2021.  *See* Exhibit A.  Upon information and belief, as a collection account remains on a consumer report for seven (7) years starting from the date the underlying debt first became delinquency, the Debt fell into delinquency beginning in or around June 2014.  *See* Exhibit A; *see also* 15 U.S.C. § 1681c.

12. Thorne did not recognize the Debt as belonging to her.

13. On or around January 27, 2020, Thorne contacted Defendant via phone to ascertain more information about the entry appearing in her credit report and the Debt Defendant was attempting to collect from her (the "Phone Call").

14. During the Phone Call, Thorne spoke with a representative for Defendant who identified Defendant as a "debt collector" attempting to collect a "debt."

15. During the Phone Call, Defendant's agent attempted to collect payment of the Debt from Thorne, including offering her a payment plan.

16. The applicable statute of limitations for the Debt states, in relevant part:

> Except as provided in Section 2-725 of the 'Uniform Commercial Code', approved July 31, 1961, as amended, and Section 11-13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied . . . shall be commenced within 5 years next after the cause of action accrued.

*See* 735 ILCS § 5/13-205.

17. Thus, given the applicable five (5) year statute of limitations and the fact that the Debt fell into delinquency beginning in or around June 2014, as of January 27, 2020, the date of the Phone Call, the Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

18. Despite the time-barred status of the Debt, at no point during the Phone Call did Defendant's agent disclose or explain to Thorne that the Debt was time-barred and/or that Defendant (or anyone else) could not sue Thorne to collect it.

19. Despite the time-barred status of the Debt, at no point during the Phone Call did Defendant's agent disclose or explain to Thorne that by making a partial payment towards the Debt, or even just making a new promise or agreement to pay, it could have the effect of reviving

3

the applicable statute of limitations as to the full balance of the Debt, thereby subjecting Thorne to further legal liability for the Debt (*i.e.*, she could again be sued in connection with the Debt).

20.   After a reasonable time to conduct discovery, Thorne believes she can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with reckless disregard of Thorne's rights, or with knowledge that its actions were taken in violation of the law.

<u>DAMAGES</u>

21.   In conjunction with Defendant's January 6, 2020 adverse credit reporting to Experian concerning the Debt, Plaintiff was confused and misled by the Phone Call.

22.   Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her on time-barred debt(s) and ultimately cause unwarranted harm to her credit or otherwise harm her financially.

23.   Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods and/or means in its attempts to collect the Debt from her.

24.   As a result of Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

25.   As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described in this Complaint.

<u>GROUNDS FOR RELIEF</u>

<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*</u>

26.   All prior paragraphs are incorporated into this count by reference.

27.   The FDCPA states, in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; or (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*See* 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

*See* 15 U.S.C. § 1692f.

28.   Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f during the Phone Call, in conjunction with its January 6, 2020 adverse credit reporting concerning the Debt, by omitting any disclosures whatsoever to Plaintiff concerning the time-barred status of the Debt, namely, that, pursuant to Illinois law, Plaintiff could no longer be sued by anyone seeking to enforce the Debt and/or that any partial payment she made towards the Debt would revive the applicable statute of limitations as to the entire balance of the Debt.

29.   Defendant knew, or should have known, that the applicable statute of limitations to collect the Debt had expired, yet failed to provide complete and/or accurate disclosure of same – and/or the legal implications of same – to Plaintiff.

30.   Such representations and/or omissions served only to confuse and intimidate Plaintiff with hopes that she would make an immediate payment on the Debt and/or waive her rights and affirmative defenses under the law.

31.   Plaintiff was unable to adequately determine the character and legal status of the Debt based upon Defendant's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or agreeing to make, a payment on the Debt.

32.    As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and must be disclosed without any intent to mislead or deceive.

33.    As Plaintiff had no prior contractual relationship or dealings with Defendant, Plaintiff was justifiably confused and skeptical of the representations and/or omissions regarding the Debt, with specific respect to Defendant's ability to legally collect upon the Debt.

34.    As set forth in paragraphs 21 through 25, *supra*, Plaintiff has suffered concrete harm and injury as a result of Defendant's unlawful collection practices described in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jean E. Thorne, respectfully requests that this Court enter judgment in her favor as follows:

A.    Awarding Plaintiff actual damages, in such amounts as determined by the jury, as provided under 15 U.S.C. § 1692k;

B.    Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C.    Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

D.    Awarding Plaintiff such other and further relief as may be just and proper.

DATED this 2nd day of November, 2020.          Respectfully Submitted,

                                         */s/ Geoff B. McCarrell*
                                         Geoff B. McCarrell #0086427
                                         David S. Klain #0066305
                                         CONSUMER LAW PARTNERS, LLC
                                         333 N. Michigan Ave., Suite 1300
                                         Chicago, Illinois 60601
                                         (267) 422-1000 (phone)
                                         (267) 422-2000 (fax)
                                         geoff.m@consumerlawpartners.com

                                         *Attorneys for Plaintiff, Jean E. Thorne*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                         */s/ Geoff B. McCarrell*
                                         Geoff B. McCarrell #0086427
                                         CONSUMER LAW PARTNERS, LLC

<u>VERIFICATION OF COMPLAINT AND CERTIFICATION</u>

STATE OF ILLINOIS        )
                           ) ss
COUNTY OF SANGAMON    )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Jean E. Thorne, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.  I am the Plaintiff in this civil proceeding.

2.  I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   10/30/2020  _____.

DocuSigned by:

*Jean E. Thorne*

4F389A9DDAE346C...

Signature